**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | :   Case No. 23-CR-188 (CRC) |
| | : |
| **ALEXANDER HAMILTON** | : |

**STATEMENT OF OFFENSE**

For purposes of Federal Rule of Criminal Procedure 11(b)(3) and to assist in the determination of the applicable Sentencing Guidelines, the parties stipulate to the following:

1. On September 9, 2022, the defendant Alexander Hamilton was sworn in as a grand juror on a Superior Court of the District of Columbia Grand Jury panel. That grand jury, which was referred to as the "September 2" panel was scheduled to sit until October 14, 2022.

2. On September 9, 2022, Hamilton was read a charge by the Honorable Jennifer Di Toro, who was Acting Chief Judge at the time, which stated, in relevant part, the following:

   > Your proceedings are secret and must remain secret permanently unless and until the court determines that the proceedings should be revealed in the interests of justice. You must be careful to preserve the secrecy of your proceedings by abstaining from communicating with your family or friends or any other person concerning matters, which transpire in the Grand Jury room. You may discuss these matters only amongst yourselves.

3. Additionally, as a grand juror, on September 9, 2022, Hamilton took an oath stating that he would keep secret the grand jury proceedings during his term of service.

4. At the time of taking the oath, Hamilton recorded himself with his cell phone, looked down at the phone, and stated, "I'm about to lie."

5. For the term of his grand jury service, Hamilton proceeded to bring his phone with him into the grand jury room, despite being instructed that he was forbidden to do so.

6. Hamilton recorded grand jury witness testimony on September 27 and 30, as well as October 3, 4, 5, 6, 7, 11, and 12. Hamilton filmed the presentation of at least 14 different grand jury investigations and at least 18 different witnesses. Hamilton recorded witness testimony in serious violent crime investigations, including multiple homicide investigations.

7. Hamilton publicized the videos of grand jury testimony in at least three different mediums: (1) he sent videos of grand jury testimony via text or instant message to friends and associates; (2) he posted videos of grand jury testimony to his Instagram story; and (3) he broadcasted the videos live as he filmed them via Instagram live. At the time, Hamilton had a public Instagram profile with over 10,000 followers.

8. Overlaying the videos themselves or in messages discussing the videos, Hamilton regularly called the witnesses derogatory names, such as "rats" and "snitches."

9. While the camera was typically pointed at Hamilton's face or at his notes, videos posted by Hamilton revealed the identity of grand jury witnesses and, on at least one occasion, showed a grand juror's face, albeit from far away. Specifically, in that video taken on October 6, 2022, and shared via text message, Hamilton filmed the face of a grand jury witness from afar and audibly called the witness a "vicious rat."

10. On October 11, 2022, Hamilton filmed the presentation of witnesses in four separate investigations. Hamilton broadcasted some of this testimony live on his Instagram. For other testimony, Hamilton posted the videos on his Instagram story and overlayed the images with photographs of rats.

11. Additionally, on October 11, 2022, Hamilton posted an Instagram story where a witness was asked by prosecutors about a recorded jail call made by that witness, and Hamilton

recommended that his followers not speak on jail calls by overlaying the video with text to that effect.

12. Hamilton knew, when he disclosed these videos, that doing so violated the grand jury secrecy rules and the Chief Judge's instructions. Hamilton also knew that calling witnesses derogatory names and revealing their identities on his public Instagram could pose a security risk to witnesses, could discourage others from testifying as witnesses, or could otherwise impede the grand jury investigations.

Sincerely,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ Joshua Gold
Joshua Gold
Assistant United States Attorney

DEFENDANT'S ACCEPTANCE

I have read the foregoing statement of offense, and I have discussed it fully with my attorney, Ned Smock. I fully understand this proffer and I acknowledge its truthfulness, agree to it, and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 6.5.23

Alexander Hamilton
Defendant

ATTORNEY'S ACKNOWLEDGMENT

I have read every page constituting the government's statement of offense related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with her fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 6/5/23

Ned Smock
Counsel for Defendant Alexander Hamilton